COGBURN LAW OFFICES
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburnlaw.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
efox@cogburnlaw.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL DALOCANOG,<br><br>            Plaintiff,<br><br>     vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, a Foreign Limited-Liability Company, TRANSUNION, LLC, a Foreign Limited-Liability Company, EXPERIAN INFORMATION SOLUTIONS, INC., a Foreign Corporation, PORTFOLIO RECOVERY ASSOCIATES, LLC, a Foreign Company,<br><br>            Defendant. | Case Number<br><br><br><br>**COMPLAINT** |

Plaintiff Daniel Daloganog (hereinafter "Plaintiff"), by and through his counsel of record, Cogburn Law Offices, hereby complains against Defendants as follows:

**I.     PRELIMINARY STATEMENT.**

1.     This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (Federal Fair Credit Report Act).

## II. JURISDICTION AND PARTIES.

### A. JURISDICTION OF THE COURT.

1. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. 1367.

2. Plaintiff is a natural person and resident of the State of Nevada and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

### B. VENUE.

3. Venue is proper pursuant to 28 U.S.C. § 1391 as Defendants do business within the area of the District of Nevada, are subject to the Court's personal jurisdiction and a substantial part of the events giving rise to the claims alleged occurred within the District of Nevada.

### C. THE CREDIT BUREAUS AND THE FURNISHER.

4. This matter involves three entities in the business of furnishing credit reports. Experian, Transunion and Equifax will be collectively known as the "Credit Bureaus."

5. Upon information and belief, Equifax Information Services, LLC (hereinafter "Equifax") is a corporation incorporated under the laws of the State of Georgia authorized to do business in the State of Nevada.

6. Upon information and belief, Defendant, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

7. Upon information and belief, Defendant, Transunion, is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

8. Upon information and belief, Defendant, Transunion, is a foreign entity licensed in the State of Illinois and registered to do business in Nevada.

9. Upon information and belief, Defendant Experian Information Solutions, Inc., is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). (hereinafter "Experian").

10. Upon information and belief, Defendant, Experian, is a foreign entity licensed in the State of California and registered to do business in Nevada.

11. Equifax, Experian and Transunion shall be hereinafter identified as the "Credit Bureaus."

12. Upon information and belief, Portfolio Recovery Associates, LLC (hereinafter "Portfolio") is a corporation incorporated under the laws of the State of Virginia authorized to do business in the State of Nevada.

13. Upon information and belief, Portfolio is a furnisher of information under 15 U.S.C. § 1681s-2.

### III. GENERAL ALLEGATIONS

14. Plaintiff obtained credit though Capital One (hereinafter the "Capital One Debt").

15. Upon information and belief, Portfolio purchased or was assigned the Capital One Debt.

16. Plaintiff and Portfolio entered into a settlement of the Capital One Debt, whereby a total of $445.54 would be paid.

17. Plaintiff paid the $445.54 settlement amount in full to Portfolio.

18. On October 25, 2017, Portfolio sent correspondence to Plaintiff regarding the balance of $360.00 on the Capital One Debt.

19. However, because Plaintiff had paid the settlement in full, no further balance was owed.

20. Plaintiff advised Portfolio of the error, but Portfolio refuses to acknowledge the error and report or furnish a zero balance on the settled account.

21. A dispute was filed with Equifax, Experian and Transunion on July 13, 2017, which indicated the error.

22. This dispute was sent to the Credit Bureaus and indicated Plaintiff settled the debt with Portfolio.

23. Information on Plaintiff's credit report regarding the Portfolio settled account was inaccurate.

24. Portfolio continued to report the debt when, in fact, Plaintiff had paid the debt in full pursuant to the agreement with Portfolio.

25. Portfolio furnished false information to the Credit Bureaus.

26. The Credit Bureaus and Portfolio failed to conduct a thorough investigation into this dispute.

## **CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF AGAINST THE CREDIT BUREAUS**

27. The Plaintiff realleges and incorporates paragraphs 1 through 26 above as if fully set out herein.

28. The Credit Bureaus violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

29. As a result of this conduct, action and inaction of The Credit Bureaus, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

30. The Credit Bureaus' conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

31. Plaintiff is entitled to recover costs and attorney's fees from The Credit Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST THE CREDIT BUREAUS

32. Plaintiff realleges and incorporates paragraphs 1 through 31 above as if fully set out herein.

33. The Credit Bureaus violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Portfolio; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

34. As a result of this conduct, action and inaction of The Credit Bureaus, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

35. The Credit Bureaus' conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

36. The Plaintiff is entitled to recover costs and attorney's fees from The Credit Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## FIRST CLAIM FROM RELIEF AGAINST PORTFOLIO

37. Plaintiff realleges and incorporates paragraphs 1 through 36 above as if fully set out herein.

38. Portfolio published the Portfolio representations to Equifax, Experian and Transunion and through each of the credit reporting bureaus identified above to all of Plaintiff's potential lenders on multiple occasions, including but not limited to the reporting the fully paid and settled debt on the Capital One account (the "Defamation").

39. The Defamation was willful and with malice. Portfolio did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in the Portfolio representation. The Portfolio account was satisfied by Plaintiff and Portfolio had no basis to continue furnishing inaccurate account information to each credit reporting bureau identified above.

40. As a result of this conduct, action and inaction of Portfolio, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

　　a. The defamation, conduct and actions of Portfolio were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against Portfolio in an amount to be determined by the Court.

**SECOND CLAIM FOR RELIEF AGAINST PORTFOLIO**

41. Plaintiff realleges and incorporates paragraphs 1 through 40 above as if fully set out herein.

42. Portfolio violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing the Portfolio representation within Plaintiff's credit file with each of the credit bureaus identified above without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the Portfolio representation; by failing to review all relevant information regarding same; by failing to accurately respond to the Credit Bureaus; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Portfolio Representations to the consumer reporting agencies.

43. As a result of this conduct, action and inaction of Portfolio, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

44. Portfolio's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

45. The Plaintiff is entitled to recover costs and attorney's fees from Portfolio in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## IV. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, on all counts, for the following:

1. Actual damages;
2. Statutory damages;
3. Punitive damages;
4. Costs and reasonable attorneys' fees;
5. A trial by jury; and
6. For such other and further relief as the Court may deem just and proper.

…

…

…

…

…

…

## V. **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 13th day of February, 2018.

COGBURN LAW OFFICES


By: */s/Erik W. Fox*
    Jamie S. Cogburn, Esq.
    Nevada Bar No. 8409
    Erik W. Fox, Esq.
    Nevada Bar No. 8804
    2580 St. Rose Parkway, Suite 330
    Henderson, Nevada 89074
    *Attorneys for Plaintiff*